1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JAVIER JIMENEZ,                          )  Case No. 1:09-cv-01359 JLT (PC)
                                             )
12             Plaintiff,                    )
                                             )  ORDER ON DEFENDANTS' OBJECTIONS TO
13        vs.                                )  PRETRIAL ORDER
                                             )
14  S. ALCALA, et al.,                       )  (Doc. 26)
                                             )
15             Defendants.                   )
                                             )
16  _____ )

17

18            On May 12, 2011, Defendants filed objections to the Court's Pretrial Order (Doc. 25). (Doc. 26)

19  Defendants raises three objections.  First, Defendants object to producing a witness and the testimony

20  of two other witnesses identified by Plaintiff.  Second, Defendants object to Plaintiff offering sworn

21  statements in lieu of live testimony.  Finally, Defendants object to the deadline for exchanging their trial

22  exhibits and seek a 30-day extension within which to do so.  Plaintiff has not responded to these

23  objections.

24  **A.    Background**

25            On May 2, 2011, the Court issued its pretrial order.  (Doc. 25) The order reads, in pertinent part,

26            Any party may, within ten (10) days after the date of service of this order, file and serve
              written objections to any of the provisions set forth in this order.  Such objections shall
27            clearly specify the requested modifications, corrections, additions or deletions.

28  Id. at 12.  Among other deadlines, the pretrial order imposes a deadline for filing motions in limine.  Id.

1

1   at 9-10.  Thus, the purpose of allowing objections to the pretrial order is to alert the Court to problems

2   with the order and/or other issues related to the schedule it sets forth.  These objections do not take the

3   place of motions in limine.  With this in mind, the Court turns to Defendants' objections.

4   **B.      Witness J. Bondoc**

5          Plaintiff identified J. Bondoc as a witness that he intends to call to testify at trial.  Defendants

6   object to this witness, apparently, because she is no longer employed by the CDCR.  Why this forms a

7   basis to exclude this witness, however, is not explained.

8          The pretrial order related to this witness reads:

9          J. Bondoc, Family Nurse Practitioner with the CDCR.  The Court deems the notice
           seeking the appearance of this witness at trial, at set forth in plaintiff's pretrial statement
10         sufficient to require the CDCR to produce this witness at the time of trial, without further
           action by Plaintiff, if she is still employed by that agency.  **If she is not, Plaintiff must**
11         **follow the instructions of the Court's Second Informational Order regarding**
           **"Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuses**
12         **to Testify."**  (Doc. 15 at 3)

13   (Doc. 25 at 7, emphasis added) Thus, the pretrial order anticipated that J. Bondoc may not continue to

14   be employed by the CDCR and that, in this eventuality, Plaintiff would be obligated to obtain her

15   appearance at trial.  If he fails to do this, the witness will not testify.

16         On the other hand, Defendants seem to object to J. Bondoc's testimony based upon their belief

17   that she has no percipient knowledge upon which to base her testimony.  However, Defendants offer no

18   evidence to support what they expect will be the content of J. Bondoc's testimony or why they believe

19   she lacks personal knowledge of the pertinent subject matter.  Moreover, the Court observes that these

20   "objections" are more in keeping with a motion in limine than an objection to the pretrial order.

21   Therefore the "objection" as to J. Bondoc is **OVERRULED**.

22   **C.      Witnesses Lia and Barrett**

23         Defendants object to the testimony of these witnesses.  They claim that these witnesses lack the

24   ability to offer admissible evidence.  Once again, Defendants have failed to support this objection with

25   evidence.  Just as with witness J. Bondoc, if Defendants have a motion in limine they wish to file, they

26

27

28

2

1  may do so before the deadline.[1]  Therefore the "objection" as to these witnesses is **OVERRULED**.

2  **D.     Sworn declarations in lieu of live testimony**

3       Defendants object to Plaintiff introducing sworn statements in lieu of live testimony.  How this

4  translates to an objection to the pretrial order is not clear.  In fact, the pretrial order reads,

5       Sworn declarations by witnesses (As discussed at the trial confirmation hearing,
6       **declarations may be presented only if Defendants' counsel stipulates that this
       evidence may be presented in this manner.**  Plaintiff was ordered to provide copies of
       the statements to Defendants counsel on 4/22/11 (Doc. 20) to allow counsel to evaluate
7       whether he will stipulate to the presentation of this evidence.)

8  (Doc. 25 at 8) Thus, the Court interprets this "objection" to be a mere notification to the Court and

9  Plaintiff that Defendants do not stipulate to Plaintiff proceeding with this evidence in this fashion.  As

10  a result, the Court deems the "objection" to be **DENIED AS UNNECESSARY**.

11  **E.     Exhibits**

12       In the pretrial order, the parties were ordered to exchange their trial exhibits, not previously

13  produced during discovery, on or before May 9, 2011.  (Doc. 25 at 9) Defendants seek 30 additional

14  days, to June 8, 2011, within which to accomplish this task.

15       Defendants explain that because Plaintiff has not produced all of his exhibits to them, they have

16  been unable to produce their exhibits to Plaintiff.  However, the Court did not order Plaintiff to produce

17  his exhibits first.  This deadline was reciprocal with the exchange to occur simultaneously.

18       On the other hand, Defendants assert that they have sought, but not received, all of the documents

19  they have requested related to Plaintiff from the prison where he is housed.  In particular, Defendants

20  are seeking "plaintiff's complete medical records from 2007-8; records from his Central File; abstract

21  of judgment; and other personnel records related to plaintiff's conduct while in prison as well the

22  responses to his 602 appeals as listed in defendant's pretrial statements. " (Doc. 26 at 3)

23       Notably, discovery closed in this case on December 30, 2010.  (Doc. 13 at 2)  Moreover,

24  Defendants were served on March 1, 2010 and answered on April 29, 2010.  (Docs. 11, 12) The

25  discovery order issued on April 30, 2010 which set forth all of the relevant case deadlines including the

26  discovery deadline.  (Doc. 13) Nevertheless, Defendants fail to explain why they have not sought

27

28       [1]On the other hand, Plaintiff has not requested the Court issue writs ad testificandum for these inmates to be
    transported to trial and the Court has not done so.  Thus, unless they appear voluntarily at trial, they will not be present at
    trial.

1  Plaintiff's prison records before now.

2        Despite what appears to be a lack of diligence on Defendants' part, in the interest of permitting

3  a full trial on the merits, the Court grants the extension.  Thus, **no later than June 9, 2011,** the parties

4  **SHALL** exchange copies of any exhibits they intend to offer at trial, that have not already been produced

5  in discovery.  Moreover, **within 5 days of Defendants' receipt of Plaintiff's prison file, but in no**

6  **event later than June 9, 2011**, Defendants **SHALL** produce to Plaintiff a complete copy of the records

7  sought by them including "plaintiff's complete medical records from 2007-8; records from his Central

8  File; abstract of judgment; and other personnel records related to plaintiff's conduct while in prison as

9  well the responses to his 602 appeals as listed in defendant's pretrial statements. " (Doc. 26 at 3)

10                                          **ORDER**

11       Based upon the foregoing, the Court **ORDERS**:

12       1.   Defendants' objection to pretrial order related to witness J. Bondoc, is **OVERRULED**;

13       2.   Defendants' objection to pretrial order related to witnesses Lia and Barrentt, is

14            **OVERRULED**;

15       3.   Defendants' objection to pretrial order related to Plaintiff offering sworn statements in

16            lieu of live testimony, is **DENIED AS UNNECESSARY**;

17       4.   Defendants' request to extend the deadline for the joint, reciprocal exhibit exchange is

18            **GRANTED**.   The parties are **ORDERED** to exchange copies of any exhibits they

19            intend to offer at trial, that have not already been produced in discovery, **no later than**

20            **June 9, 2011;**

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

4

1          5.          **Within 5 days of Defendants' receipt of Plaintiff's prison file, but in no event later**

2          **than June 9, 2011,** Defendants are **ORDERED** to produce to Plaintiff a complete copy

3          of the records sought by them including "plaintiff's complete medical records from

4          2007-8; records from his Central File; abstract of judgment; and other personnel records

5          related to plaintiff's conduct while in prison as well the responses to his 602 appeals as

6          listed in defendant's pretrial statements. "

7

8    IT IS SO ORDERED.

9    Dated:   **May 17, 2011**                                        ___/s/ Jennifer L. Thurston___
                                                              UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28