1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAVIER JIMENEZ,                          )   Case No. 1:09-cv-01359 JLT (PC)
                                             )   9th Circuit Case No: 11-17088
12            Plaintiff,                      )
                                             )   ORDER DENYING MOTION FOR
13       vs.                                  )   EXTENSION OF TIME TO FILE NOTICE OF
                                             )   APPEAL
14   S. ALCALA, et al.,                       )
                                             )
15            Defendants.                     )   (Doc. 39)
                                             )
16   _____       )

17

18   **I.     Background**

19          On June 29, 2011, the Court received the jury's verdict which was read in open court in

20   Plaintiff's presence.  (Doc. 46) On the same date, the Court entered judgment against Plaintiff and in

21   Defendants' favor according to the jury's verdict.  (Docs. 50, 51) Also, on this same day, the judgment

22   was served to Plaintiff, via United States Postal Service.  Id.

23          On August 14, 2011, Plaintiff, Javier Jimenez, filed his notice of appeal by presenting it to prison

24   authorities for mailing.  Houston v. Lack, 487 U.S. 266, 270-271 (1988) (Doc. 52). In the notice,

25   Plaintiff notes, "It should be further noted that Plaintiff received his final order on July 27, 2011.  Thus

26   he has timely filed his notice appeal."  Id.

27          On September 13, 2011, the Ninth Circuit Court of Appeals remanded the matter for the Court

28   to "rule on [Plaintiff's] request" for "an extension of time to appeal pursuant to Federal Rule of

1

Appellate Procedure 4(a)(5)." Thus, it appears that the Court of Appeals has construed the above language as a request for an extension of time to file his notice of appeal.

## II.      The request for an extension of time fails to comply with FRAP 4(a)(6)[1]

The only explanation for the late filing found in the notice of appeal, is the assertion that Plaintiff did not receive the notice of entry of the judgment until July 27, 2011.  (Doc. 52).  This situation, therefore, is governed by F.R.A.P. 4(a)(6), not 4(a)(5).  "Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered." In In re Alexander, 197 F.3d 421, 425 (9th Cir. Or. 1999) quoting16A Charles Alan Wright et al., Federal Practice and Procedure § 3590.6 at 228 (3d ed. 1999); Nunley v. City of L.A., 52 F.3d 792, 799 (9th Cir. 1995); See also Baker v. California Youth Auth., 1999 U.S. App. LEXIS 20359 (9th Cir. Cal. Aug. 25, 1999) ("Rule 4(a)(6), not Rule 4(a)(5), covers the situation where a party's failure to receive notice of an order precludes a timely appeal. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993).")

F.R.A.P. 4(a)(6) reads,

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Plaintiff's notice of appeal, even if construed as a request for an extension of time within which to file a notice of appeal, did not comply with F.R.A.P. 4(a)(6) because it was not filed within 14 days of Plaintiff's receipt of the entry of the judgment.  As noted above, Plaintiff reports that he received the notice of entry of judgment on July 27, 2011 but notice itself and the proof of service attached thereto,

---

[1]Because the Court concludes that the request must be analyzed under F.R.A.P. 4(a)(6), it "need not" consider whether it comports with F.R.A.P. 4(a)(5).  Nunley, 52 F.3d at 799(Where a party alleges non-receipt of notice of entry of judgment, the Court need not reach the question of whether the request comports with Rule 4(a)(5) but, instead, analyzes the request under Rule 4(a)(6).)  In any event, the Court finds that there is no showing of good cause or excusable neglect given Plaintiff fails to set forth any grounds, other than the late receipt of the notice of entry of judgment, for the untimely filing. To the contrary, Plaintiff asserts that the notice of appeal *is,indeed, timely*.

reveal that he did not file the notice of appeal until August 14, 2011, which was 17 days after Plaintiff received the notice of entry of judgment.  Thus, this Court lacks the "authority under Rule 4(a)(6) to reopen or extend the time for filing a notice of appeal."  Vahan v. Shalala, 30 F.3d 102, 103 (9th Cir. 1994).

**III.     Conclusion**

Because Plaintiff failed to file his request for an extension of time within 14 days of his receipt of the notice of entry of judgment, the Court lacks the authority to reopen the appeal period.  Therefore, the request for an extension of time within which to file a notice of appeal is **DENIED**.

The Clerk of the Court is **DIRECTED** to send a copy of this order to the Ninth Circtui Court of Appeals.


IT IS SO ORDERED.

Dated:   **September 14, 2011**                                        _____**/s/ Jennifer L. Thurston**_____
                                                                                        UNITED STATES MAGISTRATE JUDGE

3